## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**DAWUD CANAAN STURRUP GABRIEL,**

       **Plaintiff,**

**v.**                                        **Case No.  21-CV-493-JFH-SH**

**MELTON TRUCK LINES,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration of His Rule 4 Motion for Extension to Perfect Service Upon the Defendant Melton Truck Lines ("Motion") filed by Plaintiff Dawud Canaan Sturrup Gabriel ("Plaintiff").  Dkt. No. 10.  For the reasons set forth below, the Motion is denied.

## BACKGROUND

Plaintiff filed a Complaint for Civil Action ("Complaint") against Defendant Melton Truck Lines ("Defendant") on November 16, 2021.  Dkt. No. 1.  On November 26, 2021, Plaintiff filed a motion, requesting that the February 14, 2022 service deadline be extended to 180 days to August 13, 2022 ("original motion").  Dkt. No. 5 at 2, 3.  Plaintiff asserted that he needed more time to retain counsel, amend his Complaint, and effectuate service.  Dkt. No. 5 at 3.  The Court found that Plaintiff had not established good cause to extend the service deadline under Rule 4(m) of the Federal Rules of Civil Procedure.  Dkt. No. 8 at 1-2; *see* Fed. R. Civ. P. 4(m) (providing that the Court must extend the service deadline if a plaintiff shows good cause for untimely service").

However, taking into consideration Plaintiff's pro se status and his concern about his ability to refile his claims if they were dismissed for untimely service, the Court granted Plaintiff's

original motion in part, extending the service deadline for 30 rather than for the 180 days requested by Plaintiff.  Dkt. No. 8 at 3.  Plaintiff now asks the Court reconsider its decision.  Dkt. No. 10.

## DISCUSSION

The Tenth Circuit has recognized that "every order short of a final decree is subject to reopening at the discretion of the district judge."  *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); Fed. R. Civ. P. 54(b)); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").  This Court has adopted a the three-factor approach for analyzing motions to reconsider interlocutory orders.  *See e.g.*, *United States v. Osage Wind, LLC*, No. 14-CV-704-GKF-JFJ, 2021 WL 3774685 (N.D. Okla. Aug. 25, 2021).

Under this approach, the Court first restricts "its review of a motion to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges."  *Id.*  "How thoroughly a point was addressed depends both on the amount of time and energy the Court spent on it, and on the amount of time and energy the parties spent on it—in briefing and orally arguing the issue, but especially if they developed evidence on the issue."  *Id.* (internal quotation marks and citation omitted).  "A movant for reconsideration thus faces a steeper uphill challenge when the prior ruling was on a criminal suppression motion, class certification motion, or preliminary injunction, than when the prior ruling is, *e.g.*, a short discovery ruling."  *Id.*  "The Court should also look, not to the overall thoroughness of the prior ruling, but to the thoroughness with which the Court addressed the exact point or points that the motion to reconsider challenges."  *Id.*

Second, the Court "should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence that the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling." *Id.*

Third, the Court "should consider the grounds for reconsideration under Rule 59 of the Federal Rules of Civil Procedure as articulated by the Tenth Circuit in *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), which are:  "(1) an intervening change in the controlling law;" (2) "new evidence previously unavailable;" and (3) "the need to correct clear error or prevent manifest injustice."  *Id*.  "The presence of a Rule 59 ground should weigh in favor of reconsideration."  *Osage Wind*, No. 14-CV-704-GKF-JFJ, 2021 WL 3774685, at *3.

"Unlike the motion that produced the prior ruling, a motion to reconsider is not—and is not supposed to be—a fair fight procedurally.  The deck is stacked against a movant for reconsideration." *Id.* at 1221.  A motion for reconsideration is not an appropriate vehicle to reargue an issue previously addressed by the Court "when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012.

**A. Thoroughness of Prior Briefing**

As stated above, the Court first considers how thoroughly its earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges.  In this case, Plaintiff's original motion included the following assertions:  (1) Plaintiff believed the deadline to file his Complaint, under 42 U.S.C. § 2000e-5(f)(1) & (3), was December 20, 2021;[1] (2) Plaintiff intended

---

[1]  Section 2000e-5(f)(1) governs the preconditions and procedure for commencement of a civil action by an aggrieved party after the party has filed a charge with the Equal Employment

to include "roughly 800 – 1000 additional civil claims" in his Complaint, but did not have the time or legal resources to do so prior to the filing deadline; (3) Plaintiff may need "a team of attorneys" to represent him in this matter, but he did not have the financial resources to obtain counsel prior to filing his Complaint; and (4) the requested extension would not impact any other deadlines in the case.[2]

The Court found that these assertions were insufficient to establish good cause for untimely service and therefore, Plaintiff had not established grounds for a mandatory extension of time. Dkt. No. 8 at 2; *see* Fed. R. Civ. P. 4(m) (providing that the Court must extend the service deadline if the plaintiff shows good cause for untimely service); *In re Kirkland*, 86 F.3d 172, 174, 176 (10th Cir. 1996) ("A plaintiff seeking to rely on the good cause provision must show that he failed to effectuate service despite his meticulous efforts to comply with the rule.").

The Court then analyzed the factors for a permissive extension of time.  Dkt. No. 8 at 2-3; *see Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021) (recognizing that in determining whether to grant a permissive extension of time, the Court should consider (1) a plaintiff's *pro se* status; (2) any confusion or delay attendant to the resolution of an *in forma pauperis* petition; (3) the timeliness of plaintiff's claims if they were refiled subsequent to dismissal for untimely service; (4) prejudice to the unserved defendant; and (5) the complexity of service requirements for federal defendants).  Taking into consideration Plaintiff's pro se status and the concern about Plaintiff's ability to refile his claims if they were dismissed for untimely service, the Court determined that a permissive extension was justified and granted Plaintiff an additional 30 days to serve the Complaint.  Dkt. No. 8 at 2-3.

---

Opportunity Commission.   Section 2000e-5(f)(3) confers jurisdiction over such actions upon United States district courts.

[2]  Due to the early stage of this case, no other deadlines have been set.

In seeking reconsideration of this Court's decision, Plaintiff argues that : (1) he diligently pursued his claim by filing for an extension of the service deadline [Dkt. No. 10 at 12-14]; (2) he was prevented from timely serving the Complaint because he needed to first amend it to reflect the hundreds of instances of discrimination perpetrated by the defendant, which will likely require him to find a "group of attorneys" to take his case on a contingent basis because he does not have the resources to hire counsel [*Id.* at 9-12]; and (3) in addressing his original motion, the Court erred in failing to consider all factors relevant to permissive extension, specifically, whether the requested extension would prejudice the defendant [*Id.* at 16].

Plaintiff's first two points were addressed in the original motion and in the Court's Order extending the service deadline ("Order"). Dkt. No. 5; Dkt. No. 8. In his original motion, Plaintiff did not argue or demonstrate that he was unable to comply with the Rule despite meticulous efforts to do so. Plaintiff simply stated his intention to amend the Complaint and expressed his need for "additional time to retain counsel." Dkt. No. 5 at 3. In its Order, the Court noted that these assertions were insufficient to establish good cause for the requested extension. Dkt. No. 8 at 2. Plaintiff's third point was not addressed in the original motion or in the Court's Order. While the Court noted that prejudice to the unserved defendants was one factor to consider in determining whether a permissive extension of the service deadline was warranted, due to the lack of argument and evidence regarding potential prejudice in the record, the Court did not make specific findings on the issue. *See id. generally.* Because the issues Plaintiff raises now either were or could have been addressed in his original motion, this factor weighs against reconsideration. *Servants of Paraclete*, 204 F.3d at 1012 ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

5

### B.  The Case's Overall Progress and Posture

As previously stated, this factor requires the Court to consider, among other things, the case's overall progress and posture, the motion's timeliness relative to the rulings it challenges, and the degree of reasonable reliance the opposing party has placed in the Court's prior ruling.  In this case, the Complaint was filed November 16, 2021.  Dkt. No. 1.  The deadline for service was February 14, 2022.  *See* Fed. R. Civ. P. 4(m).  Granting Plaintiff's original motion in part, the Court extended the service deadline by 30 days, making the extended deadline March 16, 2022.  That deadline has now passed.  There has been no activity in the case and no attempt by Plaintiff to effect service in the nearly five months since Plaintiff initiated the lawsuit.  This factor weighs against reconsideration.

### C.  Rule 59 Grounds for Reconsideration

Finally, as previously stated, the third factor requires the Court to consider the grounds for reconsideration under Fed. R. Civ. P. 59:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete*, 204 F.3d at 1012.  Plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence has become available.  Rather, he argues that by granting an additional 30 days to serve the Complaint instead of the additional 180 days he requested, and by failing to adequately explain why it did not grant him the full amount requested, the Court denied him of the right to be heard at a meaningful time and in a meaningful manner, in violation of his 5th and 14th amendment rights to due process.[3]  Dkt. No. 10 at 18-22.

---

[3]  Construing Plaintiff's argument liberally, as it must, the Court construes this as an argument that reconsideration is necessary to prevent manifest injustice.  *See Merryfield v. Jordan*, 584 F.3d 923,

Citing Rule 15 of the Federal Rules of Civil Procedure, Plaintiff contends that the denial of his request to extend the service deadline by 180 days deprives him of the right to be heard because he will not be permitted to amend the Complaint after he effects service. *Id.* Plaintiff correctly states that under Rule 15, a party may amend its pleading as a matter of course within 21 days of service or within 21 days of the service of a responsive pleading, whichever is earlier. Fed. R. Civ. P. 15(a)(1). However, Rule 15 also provides that if neither of the above conditions are met, a party may still amend its pleading if: (1) the opposing party consents in writing; or (2) the court grants leave to amend. Fed. R. Civ. P. 15(a)(2). Thus, contrary to Plaintiff's assertions, Rule 15 does not preclude amendments to pleadings sought more than 21 days after service. It simply states that a party seeking to amend more than 21 days after service must obtain the agreement of the opposing party or leave of Court. Because Plaintiff would have the opportunity to amend the Complaint, even after the 21-day period prescribed for amendments as a matter of course, the Court cannot agree that granting a 30-day extension, as opposed to a 180-day extension of the service deadline deprived Plaintiff of his right to be heard at a meaningful time and in a meaningful manner.

To the extent that Plaintiff contends that the Court deprived him of the right to be heard by failing to provide sufficient explanation for its decision to grant a 30-day extension as opposed to the 180-day extension he requested, Plaintiff has not offered any factual or legal support for this assertion. No matter what the Court's reasoning, the result of the Court's ruling, relative to Plaintiff's opportunity to be heard, was the same. Under Rule 15, Plaintiff would have a 21-day period in which he could amended the Complaint without seeking concurrence from the defendant

---

924 n. 1 (10th Cir. 2009) (recognizing that the Court is to construe pro se pleadings and other papers liberally).

or seeking leave of Court to amend.  After the 21-day period, Plaintiff could seek to amend with the concurrence of the defendant or leave of Court.  Accordingly, Plaintiff has failed to show that the Court committed clear error or that reconsideration of the Order granting 30 additional days to serve the Complaint is necessary to prevent manifest injustice.  Thus, he has failed to demonstrate grounds for reconsideration under Rule 59.  This factor weighs against reconsideration.

Because all three factors weigh against reconsideration, Plaintiff's Motion must be denied. However, the Court will grant Plaintiff thirty (30) additional days to serve the Complaint.  If Plaintiff does not file proof of service by May 10, 2022, his claims will be dismissed for failure to serve.

IT IS THEREFORE ORDERED that the Motion for Reconsideration of His Rule 4 Motion for Extension to Perfect Service Upon the Defendant Melton Truck Lines [Dkt. No. 10] is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file proof of service no later than May 10, 2022.  Failure to do so will result in dismissal of his claims for failure to serve.

Dated this 7th day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE