IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAWUD CANAAN STURRUP GABRIEL,

    **Plaintiff,**

v.

MELTON TRUCK LINES,

    **Defendant.**

Case No. 21-CV-493-JFH-SH

**OPINION AND ORDER**

Plaintiff Dawud Canaan Sturrup Gabriel ("Gabriel"), appearing pro se, alleges his one-time employer Defendant Melton Truck Lines ("Melton") discriminated against him because of his attention deficit hyperactivity disorder ("ADHD"). Dkt. No. 1; Dkt. No. 13. Melton moves for dismissal of Gabriel's case on two grounds: failure to exhaust administrative remedies leading to time-barred claims [Dkt. No. 17] and failure to comply with the "short and plain statement" requirement of Federal Rule of Procedure 8(a) [Dkt. No. 26]. Melton also moves to strike various of Gabriel's filings and impose filing restrictions upon Gabriel. Dkt. No. 45. Gabriel opposes both of Melton's dismissal motions. Dkt. No. 19; Dkt. No. 36. He also filed a motion for leave to exceed page limitations for his response to Melton's filing-restrictions motion, which is currently pending. Dkt. No. 50.

**BACKGROUND**

Gabriel filed suit on November 16, 2021. Dkt. No. 1. His 288-page complaint alleged disability discrimination in violation of the Americans with Disabilities Act ("ADA"). *Id.* Gabriel alleged that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 22, 2021; that "the Government assume[d] the burden of processing service of the Charge upon the Defendant;" that he exhausted his administrative

remedies; and that he filed suit 180 days after timely filing his EEOC charge pursuant to 42 U.S.C. § 2000e-5(f)(1). *Id.* at 4. He cited as his charge his "Document One," an exhibit to his complaint comprising a 12-page document labeled "Charge of Discrimination" and facsimile receipts indicating attempts to transmit the document to the Oklahoma City, Oklahoma and Tampa, Florida EEOC offices. *Id.* at 197-216. The receipts indicate the Oklahoma City fax was unsuccessful but the Tampa fax went through to its recipient. *Id.* at 2903; 2907.[1]

Gabriel soon filed three related suits in this district, all alleging Melton discriminated against him because of his ADHD. On December 2, 2021, Gabriel filed a 317-page complaint in Case No. 21-CV-519-TCK-SH. On January 8, 2022, Gabriel requested dismissal without prejudice in that case, which the presiding judge granted. On December 9, 2021, Gabriel filed a 384-page complaint in Case No. 21-CV-529-GKF-JFJ, followed shortly after by a 317-page complaint in Case No. 22-CV-021-GKF-JFJ on January 14, 2022. On January 19, 2022, the presiding judge in both cases entered a show cause order in each directing Gabriel to show why the two cases were not duplicative of this suit. After examining Gabriel's response to the show cause orders, the presiding judge found there was substantial similarity between the cases and dismissed Case Nos. 21-CV-529 and 22-CV-021 without prejudice, explaining:

> [A]ll three complaints assert the same claim—disability discrimination in violation of 42 U.S.C. §12112(a)—against the same defendant based on the same disability in the course of the same employment relationship. Simply put, Mr. Gabriel alleges that his employer discriminated against him due to his Attention Deficit Hyperactivity Disorder. Moreover, that the variations in the allegations in each of these several-hundred-page filings can be

---

[1] The Court may consider Document One and related exhibits attached to Gabriel's complaint without converting its review from dismissal to summary judgment. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference.").

> pinpointed to one or two numerically identical pages goes to illustrate the substantial similarity between all three complaints.

*Gabriel v. Melton Truck Lines*, No. 21-CV-529-GKF-JFJ, Dkt. No. 10 at 2-3 (N.D. Okla. Jan. 24, 2022). Gabriel appealed the dismissals to the Tenth Circuit, which affirmed the presiding judge's decision. *Gabriel v. Melton Truck Lines*, No. 22-5008, 2022 WL 1275242 (10th Cir. Apr. 29, 2022).

Three days after the Tenth Circuit's decision, Gabriel filed an amended complaint in this case. Dkt. No. 13. In contrast to the nearly-300-page initial complaint, the amended complaint is nearly *3,000* pages—2,978 pages to be exact. *Id.* Shortly thereafter, Gabriel filed a motion to amend his complaint a second time, attaching a 3,133-page draft of the requested new pleading. Dkt. No. 15.

Melton filed a motion to dismiss for failure to state a claim on May 24, 2022, arguing that Gabriel failed to exhaust his administrative remedies and was now time-barred from attempting to cure this failure. Dkt. No. 17. It followed this motion with a second motion to dismiss on June 13, 2022 premised on Rule 8(a), arguing Gabriel's pleadings were an "unreasonable failure to submit a 'short and plain statement of the claim' containing allegations that are 'simple, concise, and direct.'" Dkt. No. 26 at 3.

## AUTHORITY AND ANALYSIS

### I. Pro Se Standard

Gabriel's pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs

3

are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The liberal standard applicable to pro se pleadings does not permit the filing of frivolous or abusive litigation. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

## II. Administrative Exhaustion

Failure to exhaust administrative remedies is an affirmative defense. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). Generally, the "distinction between a jurisdictional requirement and an affirmative defense is immaterial." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). The Court thus borrows the standard for a jurisdictional challenge, which is reviewed "under the same standard applicable to [] dismissals under 12(b)(6), accepting all factual allegations as true and according the plaintiffs the benefit of all reasonable inferences to be drawn therefrom." *Dry v. United States*, 235 F.3d 1249, 1253 (10th Cir. 2000).

"The exhaustion rule derives from two principal purposes: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (quotation omitted). "To advance these purposes, after a plaintiff receives a notice of her right to sue from the EEOC, that plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* (quotation omitted). Dismissal

for failure to exhaust is generally without prejudice, as it "is often a temporary, curable, procedural flaw." *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005). However, "[u]nder certain circumstances, a district court may, notwithstanding failure to exhaust, proceed to the merits of the claim and dismiss with prejudice if it concludes a party would be unsuccessful even absent the exhaustion issue." *Id.*

Gabriel pleads that he timely filed a charge of discrimination with the EEOC. Dkt. No. 13 at 5. He cites Document One as the charge and claims that "[o]nce [he] timely filed a Charge, the Government assumed the burden of processing service of the Charge upon the Defendant." *Id.* Melton asserts Document One "is not a Charge of Discrimination . . . [but] just a request that he forwarded to the EEOC." Dkt. No. 17 at 5 (emphasis in original). Melton continues that Gabriel does not allege that Document One was accepted as a charge, nor does he allege that he received a notice of dismissal and right to sue. *Id.* Melton seeks dismissal with prejudice because it claims Gabriel is now out of time to exhaust his administrative remedies by filing a proper charge. *Id.* at 5-6. Gabriel appears to concede that the EEOC did not perform an investigation or issue a notice of dismissal and right to sue, instead primarily arguing that he exhausted his administrative remedies because he "successfully manifested an intent to activate the administrative process" by the paperwork he submitted to the EEOC. Dkt. No. 19 at 8.

Melton's premise—that Gabriel's filing was not sufficient to count toward exhaustion because the EEOC apparently did not conduct an investigation culminating in a right to sue letter—has been expressly rejected by the Supreme Court. The defendant in *Federal Express Corp. v. Holowecki* "urge[d] [the Court] to condition the definition of charge, and hence an employee's ability to sue, upon the EEOC's fulfilling its mandatory duty to notify the charged party and initiate a conciliation process." 552 U.S. 389, 403 (2008). The Court declined to do so, explaining:

> The agency rejects this view, as do we.  As a textual matter, the proposal is too artificial a reading of the statute to accept.  The statute requires the aggrieved individual to file a charge before filing a lawsuit; it does not condition the individual's right to sue upon the agency taking any action.  The filing of a charge, moreover, determines when the Act's time limits and procedural mechanisms commence.  It would be illogical and impractical to make the definition of charge dependent upon a condition subsequent over which the parties have no control.

*Id.* at 403-04 (citations omitted).  Rather, the proper determination of whether a document is sufficient as a charge is whether "the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf." *Id.* at 404.

The Tenth Circuit expanded *Holowecki* to a three-factor test in *Semsroth v. City of Wichita*, 304 F. App'x 707 (10th Cir. 2008).[2]  First, the document must satisfy the EEOC's regulatory requirements for the contents of a charge.  *Id.* at 713.  The EEOC requires full name and contact information for both complainant and respondent; a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices;" if known, the respondent's number of employees; and a statement about whether there are proceedings regarding the alleged unlawful employment practice pending in a state or local agency.  29 C.F.R. § 1601.12(a).  However, notwithstanding these requirements, "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties[] and to describe generally the action or practices complained of." *Id.* at (b).  Additionally, by statute, a charge must be made under oath or affirmation.  42 U.S.C. § 2000e-5(b).  Second, evidence must demonstrate from an objective viewpoint that the complainant sought to activate the EEOC's administrative process.  *Semsroth*, 304 F. App'x at 713.  Third and finally,

---

[2] Unpublished opinions are not binding precedent but may be cited for their persuasive value. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

a court must consider the EEOC's subsequent conduct, although evidence that the EEOC actually treated the filing as a charge is not required to construe a document as such. *Id.*

Gabriel's Document One suffices as a charge under *Holowecki* and *Semsroth*. Dkt. No. 13 at 2890-2901. First, Document One contains names and contact information for complainant and respondent. *Id.* at 2892. While not a model of brevity, at twelve (12) pages it is certainly more concise than Gabriel's more recent filings, and it contains pertinent dates. *Id.* at 2892-2901. It states Gabriel's belief as to Melton's number of employees. *Id.* at 2893. It does not state whether there were related state or local agency proceedings pending, but this is not a fatal omission due to the savings clause in 29 C.F.R. § 1601.12(b). And finally, Gabriel signed the document underneath a statement that "I declare under penalty of perjury that the above is true and correct" and a handwritten date. Dkt. No. 13 at 2900. This is sufficient as an oath or affirmation. *See* 28 U.S.C. § 1746.

Second, from an objective standpoint, it is apparent that Gabriel intended to activate the EEOC's administrative process. He submitted, or at least attempted to submit via facsimile, a document entitled "charge of discrimination" to two EEOC field offices. He included specific detailed information in that document that generally aligns with regulatory requirements for beginning an EEOC case. And from the text of the document, he believed the EEOC could and would investigate and remedy the discrimination he alleged he experienced.

Third, the parties seem to agree the EEOC did not conduct an investigation or conciliation. However, *Holowecki* and *Semsroth* are clear that EEOC action is not required to consecrate a document as a charge. 552 U.S. at 404; 304 F. App'x at 713. Additionally, Document One contains footers listing a purported EEOC claim number 564-2021-00731. Taken as true with all

rational inferences drawn in Gabriel's favor, as is necessary at the motion to dismiss stage, this claim number indicates the EEOC opened a file regarding Gabriel's allegations.

Melton does not contest the timeliness of Document One, only its sufficiency. Because the document is sufficient to constitute a charge, Melton's exhaustion argument fails. The Court thus does not reach Melton's related argument that Gabriel's claims are time-barred. Melton's motion to dismiss at Dkt. No. 17 is denied.

## III.     Prolixity

Federal Rule of Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Concise pleading is necessary because a complaint may be "made . . . unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quoting *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). The Tenth Circuit has long recognized that inordinately long pleadings—which it describes as "prolix"[3]—are a strain on both other litigants and the courts. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). A dismissal under Rule 8 is generally without prejudice to refiling. *See id.* at 1162 (reversing a Rule 8(a) dismissal with prejudice and describing criteria necessary to consider before imposing "the death penalty of pleading punishments").[4]

---

[3] Other circuits refer to prolix pleading as "shotgun pleading." *See, e.g., Gabriel v. Windy Hill Foliage Inc.*, No. 21-12901, 2022 WL 2288687 (11th Cir. June 24, 2022).

[4] Gabriel argues Melton waived its Rule 8 argument by not raising it in Melton's initial motion to dismiss. Dkt. No. 36 at 15. A Rule 8 argument is not among those which are waived if not presented initially. *See* Fed. R. Civ. P. 12(h)(1). And a dismissal for failure to comply with the Federal Rules of Civil Procedure is authorized by Rule 41. Fed. R. Civ. P. 41(b).

At least two other courts have dismissed cases brought by Gabriel for violations of Rule 8(a). *See Windy Hill*, 2022 WL 2288687 at *3 (affirming Rule 8(a) dismissal of Gabriel's "nearly 3,000-page" amended complaint for violating shotgun pleading rules); *Gabriel v. Trans Am Trucking Co.*, No. 22-2126-JWB, 2022 WL 1801092 (D. Kan. June 2, 2022). Dismissal is appropriate here as well. Discussions of prolix pleadings often address documents which are dozens to hundreds of pages long. *See, e.g., Mann*, 477 F.3d at 1148 (affirming dismissal of 83-page pro se complaint); *Trans Am Trucking Co.*, 2022 WL 1801092 (dismissing Gabriel's 190-page amended complaint for failure to comply with Rule 8(a)). Here, Gabriel's current complaint is nearly 3,000 pages long. Dkt. No. 13. It begins with more than eighty (80) pages of medical and scholarly sources on ADHD, *id.* at 11-99, and more than eighty (80) pages of personal history, *id.* at 99-187. Gabriel then enumerates 1,074 claims all alleging variations of disability discrimination because of his ADHD. *Id.* at 188-2881. This is far afield of Rule 8(a)'s requirements of a short and plain statement showing Gabriel is entitled to relief.[5] "Pro se litigants are subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Windy Hill*, 2022 WL 2288687 at *2. Dismissal is reasonable and warranted. Pursuant to the Tenth Circuit's guidance in *Nasious*, 492 F.3d 1158, dismissal will be without prejudice. However, should Gabriel seek to refile the case, he will be required to comply with filing restrictions designed to protect judicial economy and curtail the prolixity seen in his pleadings so far.

---

[5] Though Gabriel seeks leave to amend this document [Dkt. No. 15], his requested amendments would *add* several hundred pages rather than streamline his allegations.

## IV.  Filing Restrictions

Melton requests the Court impose filing limitations on Gabriel in light of his litigation history.  Dkt. No. 45.[6]  "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994).  Courts have the inherent power to regulate and curtail vexatious and groundless litigation by "imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).  While filing restrictions may not deny a litigant "meaningful access to the courts," the restrictions may nevertheless be as onerous as necessary "to assist the district court in curbing the particular abusive behavior involved." *Id.*  When imposing filing restrictions upon litigants, the court must: (1) set forth the history of abusive litigation; (2) specify the guidelines as to what the litigants may do to obtain permission to file an action; and (3) provide the litigants with notice and an opportunity to oppose the restrictions before implementation. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1994).

### A. History of Abusive Litigation

Gabriel has built a history of abusive litigation in this district through repeated excessive pleadings: a 288-page initial complaint, along with a 2,978-page amended complaint in this case; a 317-page complaint in Case No. 21-CV-519-TCK-SH; a 384-page complaint in Case No. 21-CV-529-GKF-JFJ; and a 317-page complaint in Case No. 22-CV-021-GKF-JFJ.  These 4,284

---

[6]  Melton also requests the Court strike four of Gabriel's filings—three versions of a reply to Gabriel's motion to amend [Dkt. No. 35; Dkt. No. 37; Dkt. No. 38] and an amended response in opposition to Melton's Rule 8 dismissal motion [Dkt. No. 40]—for violation of court rules.  Since the Court will dismiss the case for failure to comply with Rule 8, Melton's request to strike is moot.

pages of filings have strained court resources and impeded judicial economy. Moreover, Case Nos. 21-CV-529 and 22-CV-021 were ruled to be duplicative of this case by another court in this district and that ruling was affirmed by the Tenth Circuit. *Gabriel v. Melton Truck Lines*, No. 22-5008, 2022 WL 1275242 (10th Cir. Apr. 29, 2022). Gabriel's planned response to Melton's motion to impose filing restrictions would add another 110 pages in briefing, along with 178 exhibits spanning several thousand pages, to the record. Dkt. No. 50 at 2.

Gabriel has also filed repeated briefs on the same topic in contravention of the Court's local rules, which state "[s]upplemental briefs are not encouraged and may be filed only upon motion and leave of Court." LCvR 7-1(f); *see* Dkt. Nos. 36 & 40 (response and "amended legal brief in response" to Melton's Rule 8 dismissal motion); Dkt. Nos. 35, 37, & 38 (reply, amended reply, and second amended reply to Gabriel's motion to amend). Three (3) of these briefs also exceed the ten (10)-page limit set out by local rules. LCvR 7-1(f); Dkt. No. 35 (13-page reply brief); Dkt. No. 37 (15-page supplemental brief); Dkt. No. 40 (33-page supplemental brief).

Gabriel is no stranger to litigation in other districts as well. Melton submitted a PACER search showing Gabriel's party status in twenty-six (26) different cases in federal courts across the country. Dkt. No. 45-1. He has a current disability discrimination case against a different trucking company pending in Tennessee. *See Gabriel v. W. Express Trucking Co.*, No. 3:22-CV-00288, 2022 WL 2334004 (M.D. Tenn. June 28, 2022). That complaint is 294 pages long. *Gabriel v. W. Express Trucking Co.*, 3:22-CV-00288, Dkt. No. 1 (M.D. Tenn. Apr. 20, 2022). And as mentioned previously, Gabriel had two other cases—one in the Southern District of Florida and one in the District of Kansas—dismissed for pleading violations under Rule 8(a). *See Windy Hill*, 2022 WL 2288687; *Trans Am Trucking Co.*, 2022 WL 1801092. The Eleventh Circuit affirmed the Florida

dismissal and Gabriel's Tenth Circuit appeal of the Kansas dismissal is pending. *Windy Hill*, 2022 WL 2288687; *Gabriel v. Trans Am Trucking Co.*, No. 22-3102 (10th Cir.).

### B. Guidelines for Future Filing

A court may enjoin a litigant from filing claims pro se without first receiving permission from the court. *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992). When issuing such an injunction, the Court must tailor its application to the particular subject matter or the parties involved in the vexatious litigation. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

The Court begins its tailored application by noting that the Tenth Circuit does not presume pro se litigants "understand what recitations are legally essential and which are superfluous" and offering "some modest additional explanation, aimed at the lay person, describing what judges and lawyers mean when speaking of a short and plain statement consistent with Rule 8" in the context of employment discrimination. *Nasious*, 492 F.3d at 1163; *see also Windy Hill*, 2022 WL 2288687 at *2 (discussing with approval the district court's "veritable instruction manual" for Gabriel on how to comply with Rule 8(a)).[7]

"To state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. Gabriel believes he has cognizable claims for a range of adverse employment actions based on a simple premise: his employer repeatedly discriminated against him because he had ADHD. For an employment discrimination complaint, it is generally sufficient to allege that a plaintiff has been

---

[7] Nothing in the Court's discussion should be construed as a ruling on any pleading not currently filed. The Court offers this guidance solely pursuant to *Nasious* and its direction that "the culpability of a pro se litigant for filing a still-prolix [later pleading] depends in great measure on the usefulness of the notice he or she has received from the court about what is (and is not) expected in an initial pleading." 492 F.3d at 1163.

diagnosed with a disability such as ADHD, along with perhaps a few examples of the disability's symptoms to provide plausibility. Lengthy quotations from medical and scholarly sources on the alleged disability or a personal history of living with the disability are not necessary. Additionally, a plaintiff may group multiple counts alleging the same legal violation. For instance, multiple allegations of a hostile work environment may be presented as a numbered list of occasions and details rather than by reiterating identical background paragraphs for every count.

With this guidance in mind, Gabriel must obtain permission before filing any complaint, removing any state court case, or otherwise initiating any litigation related to the subject matter of his previous cases in the Northern District of Oklahoma. To obtain permission to proceed pro se before this Court, Gabriel must:

1. File a petition with the Clerk of this Court requesting leave to file a pro se action;

2. Include in the petition the following information:

    a. A list of all lawsuits currently pending or filed previously with this Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding (including identification of any lawsuit based on the same claims that are the subject of the petition); and

    b. A list apprising this Court of all outstanding injunctions or orders in any federal district court limiting Gabriel's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3. File with the Clerk a notarized affidavit, in proper legal form, which recites the issues presented, including a short discussion of the legal right asserted, and states the page length of the draft complaint. The affidavit also must certify, to the best of affiant's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good-faith argument for the extension,

>modification, or reversal of existing law, that the complaint is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that Gabriel will comply with the Federal Rules of Civil Procedure and the local rules of this Court.

The petition requesting leave of court to file pro se and the affidavit must be submitted to the Clerk of the Court, who will forward them to the Chief Judge for review to determine whether to permit plaintiff to proceed pro se. Without the Chief Judge's approval, the matter will be dismissed. If the Chief Judge approves the filing, an order will be entered indicating that the action shall proceed in accordance with the Federal Rules of Civil Procedure.

These restrictions will apply to any case initiated by Dawud Canaan Sturrup Gabriel—individually or with other parties—related to the subject matter of his four cases in the Northern District of Oklahoma. There will be no restrictions for cases in which Gabriel is represented by an attorney licensed to practice in the state of Oklahoma and admitted to practice before this Court.

### C. Notice and Opportunity to Oppose

Gabriel's anticipated response to Melton's filing-restrictions motion is a continuation of his prolixity, which the Court will not permit. However, Gabriel must be given the opportunity to oppose the Court's planned restrictions. Therefore, Gabriel will have fourteen (14) days from entry of this Order to file a written objection to the restrictions described in this Order. *Tripati*, 878 F.2d at 354 ("The notice and opportunity requirement does not . . . require an in-person hearing."). The objection must not exceed fifteen (15) pages. *Winslow*, 17 F.3d at 316. If Gabriel does not file an objection, or if the Court does not find his objection persuasive, the restrictions will take effect twenty-one (21) days from the date of this Order and will apply to any matter filed after that time. *Id.* at 316-17.

## CONCLUSION

IT IS THEREFORE ORDERED that:

Melton's motion to dismiss for failure to exhaust administrative remedies [Dkt. No. 17] is DENIED.

Melton's motion to dismiss pursuant to Rule 8 [Dkt. No. 26] is GRANTED. Gabriel's amended complaint [Dkt. No. 13] is DISMISSED WITHOUT PREJUDICE.

Melton's motion to strike and for filing limitations [Dkt. No. 45] is GRANTED IN PART AND DENIED AS MOOT IN PART.

Gabriel's motion to amend [Dkt. No. 15], motion for sanctions [Dkt. No. 29], and amended motion for status update [Dkt. No. 42] are DENIED AS MOOT.

Gabriel's motion for leave to extend page limitation [Dkt. No. 50] is DENIED.

IT IS FURTHER ORDERED that should Gabriel wish to object to the Court's planned filing restrictions, he shall respond no later than August 30, 2022. His response must not exceed fifteen (15) pages.

DATED this 16th day of August 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE