IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAWUD CANAAN STURRUP GABRIEL,

Plaintiff,

v.

MELTON TRUCK LINES,

Defendant.

Case No.  21-CV-493-JFH-SH

## OPINION AND ORDER

Before the Court are five (5) pending motions filed by pro se Plaintiff Dawud Canaan Sturrup Gabriel ("Plaintiff"):  1) a motion to recuse [Dkt. No. 67]; 2) a motion to vacate judgment [Dkt. No. 68]; 3) a motion for leave to file third and fourth amended complaints [Dkt. No. 70]; 4) a motion to withdraw the motion for leave to file third and fourth amended complaints [Dkt. No. 72]; and 5) an amended motion to recuse [Dkt. No. 74].  The Court resolves each of these motions below.

## BACKGROUND

Plaintiff initiated this action on November 16, 2021 alleging claims of disability discrimination in violation of the Americans with Disabilities Act against Defendant Melton Truck Lines ("Defendant").  Dkt. No. 1.  After various briefing in the case, the Court dismissed Plaintiff's amended complaint without prejudice [Dkt. No. 51] and a judgment of dismissal of Plaintiff's claims was entered on August 16, 2022 [Dkt. No. 52].  Plaintiff appealed.  Dkt. No. 53.  The appeal was dismissed and a mandate was entered on December 19, 2022.  Dkt. Nos. 62, 63.  The Tenth Circuit also dismissed a petition for writ of certiorari on June 12, 2023.  Dkt. No. 65.  The motions at issue in this order were filed beginning in May 2025, nearly three years following the final judgment and dismissed appeal.  Dkt. Nos. 67, 68, 70, 72, 74.

**DISCUSSION**

**I.    Plaintiff's Motion to Recuse and Amended Motion to Recuse [Dkt. Nos. 67, 74]**

Plaintiff has filed a motion and amended motion requesting this Court to recuse from this case and, further, for the case to be transferred to the United States District Court for the Eastern District of New York. Dkt. Nos. 67, 74. First, regarding the request to transfer, whether to transfer venue lies within the sound judicial discretion of the trial judge considering the circumstances of the particular case. *Texas Eastern Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967). The court has the discretion under 28 U.S.C. § 1404(a) to decide transfer motions according to an individualized, case-by-case consideration of convenience and fairness. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). In this case, a final judgment has been entered and Plaintiff's appeal has been dismissed. Considering the circumstances of this particular case, the Court exercises its discretion to deny Plaintiff's request to transfer.

Next, regarding the request for this Court to recuse, the Court notes that "[a] motion to recuse must be filed as soon as the movant learns of the facts demonstrating the basis for disqualification." *United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020) (citing *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (recognizing that a "motion to recuse . . . must be timely filed")). Further, the Tenth Circuit has recognized that granting a motion to recuse "many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process." *Id.* (quoting *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1029 (10th Cir. 1988) (per curiam)).

2

Plaintiff's motion to recuse and amended motion to recuse are based upon various rulings by this Court during the life of the litigation. The Court notes that"[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (citing *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2002)). Even so, because the facts Plaintiff relies on in support of his request to recuse occurred approximately three years prior to his motions, the Court finds Plaintiff's request to recuse untimely. For the foregoing reasons, Plaintiff's Motion to Recuse and Amended Motion to Recuse [Dkt. Nos. 67, 74] are DENIED.

## II. Plaintiff's Motion to Vacate Judgment [Dkt. No. 68]

Plaintiff has filed a motion requesting that the Court vacate both the order and judgment of dismissal [Dkt. Nos. 51, 52] in this matter pursuant to Federal Rule of Civil Procedure 60(b)(4). Dkt. No. 68. Pursuant to Fed. R. Civ. P. 60(b)(4), the Court may relieve a party from a final judgment or order if "the judgment is void." The district court has substantial discretion in deciding a Rule 60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir.1990). "Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter v. Wefald*, 885 F.Supp. 1445, 1450 (D. Kan. Mar. 16, 1995) (citing *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979)). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

A judgment is void for Rule 60(b)(4) purposes if the "rendering court was powerless to enter it," such as where the Court lacked subject matter jurisdiction or jurisdiction over the parties. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979); *In re Four Seasons Securities Laws*

3

*Litigation*, 502 F.2d 834, 842 (10th Cir. 1974). Rule 60(b)(4) is narrow and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1014 (10th Cir. 2025) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Plaintiff's motion to vacate does not argue that this Court was powerless to enter the dismissal order or judgment because it lacked jurisdiction. Rather, Plaintiff's motion to vacate sets forth various maxims of law, references his motions requesting this Court to recuse, argues that Defendant's motion to dismiss was an "illegal filing," and makes additional arguments related to Fed. R. Civ. P. 11 sanctions and this Court's imposed filing restrictions. The Court finds that Plaintiff has not successfully argued that the Court's order and judgment are void under the narrow scope of Fed. R. Civ. P. 60(b)(4) and, therefore, Plaintiff's Motion to Vacate Judgment [Dkt. No. 68] is DENIED.

## III.  Plaintiff's Motion for Leave and Motion to Withdraw Motion for Leave [Dkt. Nos. 70, 72]

Finally, Plaintiff has filed a motion for leave to file a third and fourth amended complaint [Dkt. No. 70] and then a motion to withdraw the motion for leave [Dkt. No. 72]. The Court will grant the motion to withdraw [Dkt. No. 72] and the motion for leave [Dkt. No. 70] is hereby withdrawn.

## CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Recuse and Amended Motion to Recuse [Dkt. Nos. 67, 74] are DENIED;

2. Plaintiff's Motion to Vacate [Dkt. No. 68] is DENIED; and

4

3.  Plaintiff's Motion to Withdraw Motion for Leave [Dkt. No. 72] is GRANTED and

Plaintiff's Motion for Leave [Dkt. No. 70] is WITHDRAWN.

Dated this 19th day of March 2026.

_____

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE